**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elsa D. CAVADA, Defendant-Appellant.**

Nos. 86–6029, 87–2091
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 1, 1987.

---

Mark A. DiCarlo, (Court-Appointed), Corpus Christi, Tex., for defendant-appellant in No. 86–6029.

Mark A. Di Carlo, Corpus Christi, Tex., for defendant-appellant in No. 87–2091.

Francis H. Stacy, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

█ The sole issue is whether the enactment of a statute penalizing as a misdemeanor the forgery of an endorsement on a Treasury check, the face value of which does not exceed $500, repeals by implication the statute penalizing as a felony the forgery of any government writing, as applied to the forgery of a signature on a Treasury Check for $136.66. Following the lead of two other circuits, we hold that the earlier statute was not repealed or modified by the later statute, and the government may therefore prosecute under either.

Elsa D. Cavada was charged with forgery of a Treasury check in the amount of $136.66, thus violating 18 U.S.C. § 495 (1982), the text of which is set forth in the footnote.[1] Cavada moved to dismiss the indictment on the ground that it failed to state an offense. She maintained that a later-enacted statute, § 510, the text of which is set forth in the footnote,[2] implicitly repealed § 495, and is therefore the exclusive statute governing her conduct. The district judge disagreed and denied her motion.

Cavada subsequently pleaded guilty to the violation of § 495 under a plea bargain arrangement. She was sentenced to a two-year period of incarceration. Cavada now appeals this sentence, contending that only § 510, with its maximum penalty of one-year imprisonment, is applicable to her conduct.

█ Courts are reluctant to imply a legislative intention to repeal a statute simply because a later statute is not entirely harmonious with it. We say, therefore, that there is a presumption against implicit re-

---

1. 18 U.S.C. § 495. Contracts, deeds, and powers of attorney.

   Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing....

   ....

   Shall be fined not more than $1,000, or imprisoned not more than ten years, or both.

2. 18 U.S.C. § 510 (Supp. III 1985). Forging endorsements on Treasury checks or bonds or securities of the United States.

   (a) Whoever, with intent to defraud—

   (1) falsely makes or forges any endorsement or signature on a Treasury check or bond or security of the United States; or

   (2) passes, utters, or publishes, or attempts to pass, utter, or publish, any Treasury check or bond or security of the United States bearing a falsely made or forged endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

   (b) Whoever, with knowledge that such Treasury check or bond or security of the United States is stolen or bears a falsely made or forged endorsement or signature buys, sells, exchanges, receives, delivers, retains, or conceals any such Treasury check or bond or security of the United States that in fact is stolen or bears a forged or falsely made endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

   (c) If the face value of the Treasury check or bond or security of the United States or the aggregate face value, if more than one Treasury check or bond or security of the United States, does not exceed $500, in any of the above-mentioned offenses, the penalty shall be a fine of not more than $1,000 or imprisonment for not more than one year, or both.

peal.[3] Even if two statutes conflict to some degree, they must be read to give effect to each, if that can be done without damage to their sense and purpose, unless there is evidence either in the text of the statute or its legislative history that the legislature intended to repeal the earlier statute and simply failed to do so expressly.[4] Legislative intent to repeal must be manifest in the " 'positive repugnancy between the provisions.' "[5]

Section 495 prohibits the forgery of a writing to obtain money from the United States. The statute has been construed to embrace forging an endorsement on a Treasury check, with punishment not to exceed a fine of $1,000 or imprisonment for ten years, or both.[6] Section 510(a)(1) is specific and deals directly with the forgery of endorsements of Treasury checks. If the face value of the check does not exceed $500, forgery of an endorsement is punishable by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

That §§ 495 and 510 provide different penalties for the same conduct does not create a positive repugnancy between the two statutes. While one of the statutes may be redundant as applied to Treasury checks, the penalty provisions are capable of co-existing because they apply to convictions under different statutes.[7] Consequently, the later statute does not supersede the earlier one simply because a defendant's conduct might violate both.[8] Nor

do the two penalties create an ambiguity that must be resolved in favor of lenity. When a conviction is obtained under either statute, the penalty prescribed is certain.[9] Indeed, this circuit has permitted prosecution under either of two overlapping criminal statutes, even when the more recent statute more specifically proscribed the conduct at issue,[10] and other circuits have done so as well.[11]

■ Giving full effect to both statutes does not violate either due process or equal protection. "So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied."[12] When conduct violates more than one criminal statute, the government may prosecute under either so long as it does not discriminate against any class of defendants.[13]

The Ninth Circuit recently considered the issue presented by this case, and also concluded that § 510 does not repeal § 495 as applied to the forgery of an endorsement of a Treasury check having a face value of $500 or less. In *United States v. Edmonson*,[14] the court first noted, as we have, that no irreconcilable conflict exists simply because two criminal statutes provide different penalties for the same conduct.[15] The court also found no indication in the

**3.** *Watt v. Alaska*, 451 U.S. 259, 266–67, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981); 1A N. Singer, Sutherland on Statutes and Statutory Construction § 23.09, at 332 (4th ed. 1985).

**4.** *Watt*, 451 U.S. at 267, 101 S.Ct. at 1678.

**5.** *United States v. Batchelder*, 442 U.S., 114, 122, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (quoting *United States v. Borden Co.*, 308 U.S. 188, 199, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939)).

**6.** *Prussian v. United States*, 282 U.S. 675, 679–80, 51 S.Ct. 223, 225, 75 L.Ed. 610 (1931).

**7.** *Batchelder*, 442 U.S. at 122, 99 S.Ct. at 2203.

**8.** *Id.; Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976).

**9.** *Batchelder*, 442 U.S. at 121–22, 99 S.Ct. at 2203.

**10.** *United States v. Anderez*, 661 F.2d 404, 407 & n. 9 (5th Cir. Unit B 1981).

**11.** *See, e.g., United States v. Fern*, 696 F.2d 1269, 1273–74 (11th Cir.1983); *United States v. Mackie*, 681 F.2d 1121, 1122 (9th Cir.1982); *United States v. Brien*, 617 F.2d 299, 309–11 (1st Cir.), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980).

**12.** *Batchelder*, 442 U.S. at 123, 99 S.Ct. at 2204.

**13.** *Id.* at 123–24, 99 S.Ct. at 2204.

**14.** 792 F.2d 1492 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987).

**15.** *Id.* at 1497–98.

legislative history of § 510 of an intent to repeal the overlapping parts of § 495.[16]

Applying an analysis similar to that of the *Edmonson* court, the Second Circuit recently considered whether § 510 impliedly repealed another statute, 18 U.S.C. § 641 (1982), a general statute dealing with conversion of government property, when § 641 deals specifically with conduct proscribed by § 510. In *United States v. Jackson*,[17] that court held "that no inference regarding [C]ongressional intent may be drawn from the mere existence of a specific statute carrying a lighter penalty than a more general one."[18] The *Jackson* court also reviewed the legislative history leading to the enactment of § 510 and found no evidence of an intent to repeal § 641. It did find that the relevant Senate committee report discussed the relationship between § 510 and § 495.[19] The purpose of § 510 was to close "gaps in the wording of § 495 by which certain conduct such as stealing and cashing an already endorsed Treasury check would go unpunished."[20] Consequently, "Congress enacted § 510 to close loopholes in § 495."[21] The court noted, however, that "[a] Congressional intent to bridge gaps in an earlier statute by enacting a later statute is not indicative of intent to supersede the earlier statute."[22] The court also considered the remarks of Senator DeConcini, the sponsor of the bill that contained § 510, and, again, found no evidence of an intent to repeal more general statutes like § 641 and § 495.[23]

The reasoning in the Ninth Circuit and Second Circuit cases is persuasive, and we, therefore, adopt the same construction of § 510.

For the reasons given, the conviction of the defendant and the imposition of a two year sentence are AFFIRMED.

16. *Id.* at 1498.

17. 805 F.2d 457 (2d Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987).

18. *Id.* at 460.

19. *Id.* at 462.

20. *Id.*

21. *Id.*

22. *Id.*

23. *Id.* at 462–65.