UNITED STATES of America, Plaintiff–Appellee,

v.

Ricky Kevin SMITH, Defendant–Appellant.

No. 90–8063
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1990.

---

Ricky Kevin Smith, Fort Worth, Tex., pro se.

LeRoy Morgan Jahn, Krista L.S. Leinenkugel, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM.

Ricky Kevin Smith (Smith) appeals the final judgment of the district court denying his habeas corpus motion to vacate or set aside his sentence. Smith contends that his sentence should be vacated because he was convicted and sentenced under the wrong statute and because in agreeing to a guilty plea he received ineffective assistance of counsel in violation of the sixth and fourteenth amendments. Finding no reversible error, we affirm.

On October 13, 1987, a federal grand jury returned a two-count indictment against Smith. The indictment charged Smith with uttering a forged United States Treasury check and with obstructing the mail. On December 1, 1987, the government filed a one-count superseding infor-

mation charging Smith with uttering and publishing as true a United States Treasury check for $406 bearing a falsely-made and forged endorsement, in violation of 18 U.S.C. § 495. Pursuant to a plea agreement, Smith pleaded guilty to the superseding information in exchange for dismissal of the two-count indictment.

On January 7, 1988, the district court sentenced Smith to a ten-year term of imprisonment and, in accordance with 18 U.S.C. § 3013, assessed him $50.[1] The two-count indictment was then dismissed. Smith did not file a direct appeal from the judgment of conviction and from the sentence.

On February 9, 1989, Smith filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In this motion Smith claimed that he was convicted under the wrong statute; that he did not receive a copy of either the indictment or the information before being called upon to plead; that he did not understand the charge against him; and that his attorney induced him to plead guilty by promising him that he would receive probation. On December 20, 1989, the district court dismissed Smith's motion without an evidentiary hearing. Smith timely appealed the denial of his motion. On appeal Smith argues that he was convicted and sentenced

under the wrong statute and that he received ineffective assistance of counsel.

### Prosecution under Incorrect Statute

Smith contends that he was incorrectly prosecuted and sentenced under 18 U.S.C. § 495 [2] when he should instead have been prosecuted and sentenced under 18 U.S.C. § 510.[3] Section 495 penalizes both the forgery of any "writing" for the purpose of obtaining money from the United States and the publishing or uttering of any forged "writing" with intent to defraud the United States. A conviction under § 495 may result in a prison sentence of not more than ten years. Section 510, on the other hand, specifically penalizes as a misdemeanor the forgery of an endorsement on a Treasury check if the face value of the check, as in Smith's case, does not exceed $500. A conviction under the misdemeanor provision of § 510 may result in a prison sentence of not more than one year.

More particularly, Smith claims that permitting the government to choose under which of these two statutes it will prosecute leads to arbitrary sentences. Because the statutes provide different penalties for the same conduct, the court, Smith argues, should rule in favor of leniency and apply § 510 which permits no more than a one-

---

1. The sentencing guidelines, which the United States Sentencing Commission promulgated pursuant to Section 994(a) of Title 28, United States Code, did not apply to Smith's sentence. The Guidelines did not take effect until November 1, 1987. Smith had committed his offense before that date.

2. When Smith committed his offense, 18 U.S.C. § 495 provided, in relevant part:

   Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving ... from the United States or any officers or agents thereof, any sum of money; or
   Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or

· · · · ·

   Shall be fined not more than $1000 or imprisoned not more than ten years, or both.

3. When Smith committed his offense, 18 U.S.C. § 510 provided, in pertinent part
   (a) Whoever, with intent to defraud—
   (1) falsely makes or forges any endorsement or signature on a Treasury check or bond or security of the United States; or
   (2) passes, utters, or publishes, or attempts to pass, utter, or publish, any Treasury check or bond or security of the United States bearing falsely made or forged endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

· · · · ·

   (c) If the face value of the Treasury check or bond or security of the United States ... does not exceed $500 ... the penalty shall be a fine of not more than $1,000 or imprisonment for not more than one year, or both.

year sentence for forging an endorsement on a Treasury check worth less than $500.

■ This court's decision in *United States v. Cavada*, 821 F.2d 1046 (5th Cir. 1987), *cert. denied*, 484 U.S. 932, 108 S.Ct. 304, 98 L.Ed.2d 262 (1987), completely forecloses Smith's contention that he was prosecuted and convicted under the wrong statute. The court in *Cavada* rejected each of the arguments that Smith now makes.

We held in *Cavada* that the enactment of 18 U.S.C. § 510 did not modify or repeal by implication 18 U.S.C. § 495. *Id.* at 1047. The government may, therefore, prosecute under either statute. *Id.* The court concluded that the different penalties which §§ 495 and 510 impose for the same conduct do not create the "positive repugnancy" between their provisions which statutes must manifest for courts to hold that the legislature implicitly intended to repeal the earlier statute. *Id.* at 1048 (quoting *United States v. Batchelder*, 442 U.S. 114, 122, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979) (quoting *United States v. Borden Co.*, 308 U.S. 188, 199, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939))).

■ Conceding that one of the statutes may be redundant as applied to Treasury checks, this court, nevertheless, reasoned that "the penalty provisions are capable of co-existing because they apply to convictions under different statutes." *Id.* (citing *Batchelder*, 442 U.S. at 112, 99 S.Ct. at 2203). That analysis led this court to conclude that "the later statute does not supersede the earlier one simply because a defendant's conduct might violate both." *Id.* (citing *Batchelder*, 442 U.S. at 122, 99 S.Ct. at 2203; *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976)).

■ This court in *Cavada* also quickly disposed of the other arguments on these statutes that Smith again raises. The "two penalties [do not] create an ambiguity that must be resolved in favor of lenity." *Id.*

For a conviction under either statute, "the penalty prescribed is certain." *Id.* (citing *Batchelder*, 442 U.S. at 121–22, 99 S.Ct. at 2203). Furthermore, when conduct violates more than one statute, the government may prosecute under either statute so long as it does not discriminate against any class of defendants. *Id.* (citing *Batchelder*, 442 U.S. at 123–24, 99 S.Ct. at 2204); *see also Ehrlich v. United States*, 238 F.2d 481, 485 (5th Cir.1956) ("A defendant cannot complain because the charge against him is brought under the more serious penalties when two statutes punish the same general acts.").[4]

■ In the present case, the government opted to prosecute Smith under § 495 and not under § 510. Smith pleaded guilty to violating § 495. The district court sentenced him, as was within its discretion, to the maximum prison term permissible under that statute—ten years. Although prosecuting Smith under § 495 may seem especially harsh, particularly when the maximum sentence under § 510(c) is only one year, our decision in *Cavada* leaves this court no choice but to conclude that the government has the right to choose under which statute to prosecute a forged endorsement on a Treasury check. We are bound by a previous decision of this court until a majority of our members believes that we should overrule our earlier decision. Consequently, we must conclude that Smith was convicted and sentenced under the correct statute.

*Ineffective Assistance of Counsel*

Smith contends that he received ineffective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution. Smith claims that his attorney (1) failed to inform him that he was indicted under the wrong statute; (2) falsely stated that the government had agreed to a sentence of probation in exchange for a guilty plea; (3) falsely stated that a previously dismissed, unrelated

4. The prosecution does not have to proceed only under the misdemeanor statute when both that statute and a felony statute proscribe the defendant's actions. *United States v. Oldfield*, 859

F.2d 392, 398 (6th Cir.1988) (quoting *United States v. Schaffner*, 715 F.2d 1099, 1102 (6th Cir.1983).

state charge would be reinstated if he did not plead guilty; and (4) falsely stated that he faced a possible fifteen-year imprisonment term if he did not plead guilty. Smith also contends that the district court should have held an evidentiary hearing to evaluate his allegations.

■ To obtain habeas corpus relief on the grounds of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. To demonstrate prejudice, he must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Smith, therefore, has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged failure to inform and misrepresentations he "would not have pleaded guilty and would have insisted on going to trial. *See Czere v. Butler,* 833 F.2d 59, 63 (5th Cir.1987) (quoting *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir.1987)).

A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. It must also strongly presume that counsel has exercised reasonable professional judgment. *Id.; Lockhart v. McCotter,* 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. denied,* 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987) (citing *Ricalday v. Procunier,* 736 F.2d 203, 206 (5th Cir. 1984)). "[S]econd-guessing is not the test for ineffective assistance of counsel."

*King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

■ Smith first claims that his counsel was ineffective in failing to inform him that he was indicted under the wrong statute. Given this court's decision in *Cavada,* 821 F.2d 1046, and our discussion above of that decision, this claim is meritless. The government can choose to prosecute Smith under either § 495 or § 510. Since it chose § 495, Smith's counsel was not unconstitutionally ineffective in failing to inform him about § 510.

■ Smith next claims that his counsel was ineffective because counsel stated that the government had agreed to a sentence of probation in exchange for Smith's guilty plea. To receive federal habeas corpus relief based on alleged promises that are inconsistent with representations made in open court when his guilty plea was accepted, a prisoner must " 'prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.' " *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989) (quoting *Davis v. Butler,* 825 F.2d 892, 894 (5th Cir.1987) (quoting *Smith v. McCotter,* 786 F.2d 697, 701 (5th Cir.1986))). Because Smith offers no evidence to support his argument, we reject his second ineffective assistance claim.

■ Smith asserts that counsel told Smith's mother and cousin that the prosecution had agreed to a term of probation in exchange for Smith's guilty plea. Smith's mother signed an "affidavit" (actually an unsworn statement) attesting to counsel's statement, which Smith attaches to his brief on appeal. This "affidavit," however, is not part of the record. It first surfaces in Smith's appellate brief. Contrary to Smith's assertion, nothing in the record indicates that the "affidavit" was filed on August 9, 1989, the day that his mother signed it. Because the "affidavit" was not part of the record before the district court, this court cannot now consider it. *See Bell*

v. *Alabama*, 367 F.2d 243, 250 (5th Cir. 1966) (affidavit attached to petition for rehearing), *cert. denied*, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967). The only evidence on record pertaining to probation is a letter to the district court judge from Smith's cousin and one from Smith's mother, both asking the judge to give Smith probation.

The "affidavit" states that counsel made the alleged promise of probation to Smith's mother and cousin on December 6, 1987. Contrary again to Smith's assertion, the record shows that Smith pleaded guilty on December 1, 1987. The docket sheet reflects a docketing date, not a plea date, of December 7, 1987. Counsel, therefore, made the alleged promise six days *after* Smith had pleaded guilty.

Furthermore, at rearraignment, Smith indicated that he not only understood the charge in his information but also had no questions concerning the charge. Smith twice stated that he understood that the maximum penalty was a prison term of ten years, a $1000 fine, and a $50 special assessment. He also told the district court that he had had ample opportunity to discuss his case with his attorney and that he was satisfied with his attorney's representation. Smith confirmed that nobody had threatened, coerced, forced or induced him into pleading guilty. He also confirmed that no one had predicted, prophesied or promised him a particular sentence. He reiterated that he wanted to plead guilty. Smith has not established that a reasonable probability exists that but for his counsel's alleged misrepresentations he would not have pleaded guilty. *See Czere*, 833 F.2d at 63.

■ In his two remaining claims of ineffective assistance of counsel, Smith contends that counsel falsely stated that if Smith did not plead guilty (1) the state would reinstate a previously dismissed, un-

related charge and (2) Smith would face a possible fifteen-year imprisonment term. If the defendant in habeas proceedings did not raise his claims before the district court, we do not consider them on appeal. *Hobbs v. Blackburn*, 752 F.2d 1079, 1083 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985) (citing *United States v. Scott*, 672 F.2d 454 (5th Cir. 1982)). Consequently, we decline to examine these issues.[5]

■ Finally, we dispose of Smith's claim that the district court should have held an evidentiary hearing. The question whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the record. *Byrne v. Butler*, 845 F.2d 501, 512 (5th Cir.1988). If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. *Id.* (citing *Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir.1980)). If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further. *Id.* (citations omitted). A hearing is also unnecessary when the petitioner's allegations are "inconsistent with his conduct" and when he does not offer "detailed and specific facts" surrounding his allegations. *See Davis*, 825 F.2d at 894.

Smith's conclusory allegations of ineffective assistance of counsel "fail to surmount the 'formidable barrier' presented by [Smith's] own open court assertions at the rearraignment hearing." *See Harmason*, 888 F.2d at 1532. An evidentiary hearing was not, therefore, required.

*Conclusion*

Smith has failed to show that his counsel did not properly advise him or that, but for his counsel's advice and promises, he would have proceeded to trial. Because he was convicted and sentenced under the correct

---

5. We note that Smith did face a maximum sentence of fifteen years under the original indictment. Count Two, the obstruction of correspondence charge, exposed Smith to a possible further five years in prison. 18 U.S.C. § 1702 (1988). Confronted with a two-count indictment exposing him to a possible fifteen years in prison or with a one-count information exposing him to a possible ten years, Smith chose the latter option, as any "reasonable person in the defendant's shoes" would have. *See United States v. Smith*, 844 F.2d 203, 209 (5th Cir.1988). Consequently, counsel's statement did not prejudice Smith.

statute, and because his defense counsel was not unconstitutionally ineffective, the district court correctly denied Smith's habeas corpus motion.

AFFIRMED.