968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy Neal KINSLOW, Petitioner-Appellant,
v.
Robert TANSY, Warden, PNM, Respondent-Appellee.
 No. 91-2233.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Jimmy Neal Kinslow appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 3
 In 1978, Kinslow entered guilty pleas to three counts of first degree murder. He was sentenced to two consecutive life sentences and one concurrent life sentence. He did not take a direct appeal. Kinslow filed a state post-conviction proceeding in 1986 in which he exhausted his state court remedies as to the claims raised here.
 
 
 4
 In his federal petition, Kinslow alleged that his constitutional rights had been violated because his guilty pleas were involuntary. Kinslow also alleged he was incompetent to enter the pleas and he received ineffective assistance of counsel. The district court rejected Kinslow's contentions. On appeal, Kinslow argues that the district court's ruling was in error.
 
 
 5
 Kinslow pled guilty to three counts of first degree murder. Kinslow alleged that he agreed to plea guilty only because he understood the sentences would be imposed concurrently and he would be incarcerated outside of the State of New Mexico. Kinslow concluded that because he did not receive concurrent sentences, he was misled and, consequently, his plea was involuntary.
 
 
 6
 "Whether a plea is voluntary is a question of federal law subject to de novo review." Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989) (citing Marshall v. Lonberger, 459 U.S. 422, 431 (1983)). A plea is involuntary if the defendant was materially misinformed as to the consequences or disposition that the court will make. Blackledge v. Allison, 431 U.S. 63, 75 n. 8 (1977).
 
 
 7
 The district court held that Kinslow had to meet the standards set forth by the Fifth Circuit to prevail on this claim. See United States v. Smith, 915 F.2d 959 (5th Cir.1990). In Smith, the court held that when a petitioner alleges promises were made which were "inconsistent with representations made in open court when his guilty plea was accepted, a petitioner must " ' "prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise." ' " Id. at 963 (quoting Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir.1989) (quoting Davis v. Butler, 825 F.2d 892, 894 (5th Cir.1987)).
 
 
 8
 As noted by Kinslow in his brief, this circuit has not adopted the Smith criteria. However, the district court's reliance on Smith is not reversible error. Kinslow cannot prevail under either the Smith criteria or the standard set by this circuit. We have held that to prevail on this type of claim, a petitioner must prove that the consequences of the plea were materially misrepresented. See Laycock, 880 F.2d at 1186.
 
 
 9
 The record shows that both counsel and the court stated that the court alone would decide whether the sentences would run concurrently or consecutively. See R. Vol. II, Tr. of Arraignment Hr'g at 7-8. Kinslow assured the court that he understood that fact. Id. at 8. Kinslow contends his assurances were pro forma.
 
 
 10
 "Solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. A "defendant's statements at a plea hearing 'should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth' of those statements." United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir.1988) (quoting Hedman v. United States, 527 F.2d 20, 22 (10th Cir.1975)). Kinslow has presented no evidence to support his allegations nor has he shown why we should disregard the truth of the statements he made in open court. Kinslow cannot prevail on this issue.
 
 
 11
 Kinslow also argues he was not competent to enter the guilty pleas. He argues that his understanding of the proceedings was impaired because he was on tranquilizers, was confused and afraid, and felt guilty. See Appellant's Br. at 6. "A trial court must order a hearing to determine the defendant's competency if information comes to the trial court's attention that raises a bona fide doubt about the defendant's competency to stand trial." United States v. Newman, 733 F.2d 1395, 1400 (10th Cir.1984) (citing Pate v. Robinson, 383 U.S. 375, 378 (1966)).
 
 
 12
 The record shows Kinslow did not put his competency at issue. Counsel requested a psychiatric examination only "to reassure myself and the Court and also you, Mr. Garza, [the district attorney], that he was sane," R. Vol. II, Tr. of Arraignment Hr'g at 22, not because he was making a claim of incompetency, id. The examining psychiatrist concluded Kinslow was competent. The court questioned Kinslow about his history of mental treatment. We cannot say the trial court erred in not further exploring Kinslow's competency based on the record before it.
 
 
 13
 Finally, Kinslow argues he was denied effective assistance of counsel because counsel did not perfect an appeal as directed. "[B]ecause appeals are a part of the criminal process, a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise." Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990) (citations omitted).
 
 
 14
 To prevail on this argument, Kinslow must establish that counsel failed to perfect an appeal as actually requested. Cf. United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991). The record contains no such evidence. Kinslow attempts to argue that the fact that the trial court stated his appeal rights in its judgment and sentence is proof he requested an appeal. Kinslow is wrong. Further, the magistrate judge found that Kinslow's testimony on this issue was "self-serving and inherently incredible." R. Vol. I, tab 43 at 5. We agree that "[t]here is nothing in the record to support that this request was made." Id.
 
 
 15
 Kinslow's motion for a certificate of probable cause is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3