996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy Neal KINSLOW, Petitioner-Appellant,
v.
John H. THOMAS, Warden, Penitentiary of New Mexico; U.S.
Attorney General, Respondents-Appellees.
 No. 92-2295.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Jimmy Neal Kinslow's motion for leave to proceed on appeal without payment of costs or fees.
 
 
 2
 In order to succeed on his motion, plaintiff must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Petitioner appeals from an order of the district court dismissing as abusive his writ of habeas corpus, or alternatively, writ of error coram nobis. 28 U.S.C. §§ 2241 and 1651. We first consider whether jurisdiction is proper in this court.
 
 
 4
 Petitioner was convicted in 1987 in the Central District of California on charges including kidnapping, interstate transportation of a minor for sexual purposes, interstate transportation of stolen firearms, and being a fugitive in possession of a firearm. 18 U.S.C. §§ 1201(a)(1), 2423, 922(i), 922(g)(2). On appeal, the conviction was affirmed and remanded to correct an error in sentencing. United States v. Kinslow, 860 F.2d 963 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989). Petitioner also entered into a "Stipulation and Agreement" in 1988 to a multi-count indictment on Arizona state charges. The subsequent convictions and sentence were upheld on appeal. State v. Kinslow, 799 P.2d 844 (Ariz.1990). Petitioner committed all these crimes as an escapee from the New Mexico State Penitentiary where he is now incarcerated.
 
 
 5
 Petitioner's § 2241 motion challenges the constitutionality of his federal convictions. His motion opposes his convictions and sentence, and not the execution of his sentence. Therefore, we treat it as if it were filed pursuant to 28 U.S.C. § 2255. Cf. United States v. Scott, 803 F.2d 1095 (10th Cir.1986). Section 2255 is the exclusive remedy for challenging the validity of judgment and sentence, unless such a remedy is shown to be inadequate or ineffective. Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). A petition under § 2241 is not an additional, alternative or supplemental remedy to § 2255. Williams v. United States, 323 F.2d 672, 673 (10th Cir.1963), cert. denied, 377 U.S. 980 (1964).
 
 
 6
 The language of § 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Our court has held that motions for federal habeas relief must be brought before the sentencing court, and should be handled by the judge most familiar with the case. United States v. Condit, 621 F.2d 1096, 1098 (10th Cir.1980). The Ninth Circuit, where petitioner was convicted and sentenced, recognizes both federal writs of habeas corpus and the writ of error coram nobis. Yasui v. United States, 772 F.2d 1496 (9th Cir.1985). Because the remedies petitioner seeks are available in the district that fixed his sentence, the New Mexico district court should have declined to exercise jurisdiction over this petition.
 
 
 7
 We also note that the only issue raised is whether petitioner was denied due process because the district court granted the government's motion in limine, precluding a duress defense. Although petitioner's brief on appeal lists a number of arguments to support relief, each is substantively a restatement of this single issue.
 
 
 8
 Petitioner's current petition is his latest effort to obtain appellate review of his convictions.[1] Because this latest filing is repetitive in that his previous appeals, habeas petitions and § 2255 petitions have reviewed on the merits the unavailability of his duress defense, it is also subject to dismissal as successive. Rule 9(b) of the Rules governing 28 U.S.C. § 2255.
 
 
 9
 We conclude that petitioner can make no rational argument on the law or facts in support of jurisdiction or the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. We DISMISS for lack of jurisdiction. Petitioner's motion for a certificate of probable cause is denied as moot. The appeal is dismissed.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After petitioner's federal conviction was affirmed, he filed for relief pursuant to 28 U.S.C. § 2255. That petition was denied and affirmed on appeal. United States v. Kinslow, 961 F.2d 217 (9th Cir.), cert. denied, 112 S.Ct. 3046 (1992). Defendant's second and third § 2255 petitions were also denied but not appealed. After petitioner's Arizona state convictions were affirmed on appeal he petitioned for habeas relief pursuant to 28 U.S.C. § 2254. That petition was denied and affirmed on appeal. A second § 2254 petition was then filed in New Mexico, which was denied and affirmed on appeal. Kinslow v. Tansy, 968 F.2d 1224 (10th Cir.) cert. denied, 113 S.Ct. 339 (1992)