**UNITED STATES of America**

v.

**Dwayne R. PEYTON, Defendant.**

**Crim. No. 93–165 (CRR).**

United States District Court,
District of Columbia.

July 11, 1995.

Samuel Edgar Wilhite, Washington, DC, for Dwayne R. Peyton.

Denise Maria Abrahams, U.S. Attorney's Office, Washington, DC, for U.S.

**MEMORANDUM OPINION**

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled case is the Defendant's Motion to Vacate his sentence for violation of 18 U.S.C. § 924(c)(1) (Carrying a Firearm in Connection with a Drug Trafficking Crime) pursuant to 28 U.S.C. § 2255, the Government's Opposition, and the Defendant's Reply thereto. Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law, the Court will DENY the Defendant's Motion.

**I. BACKGROUND**

On June 28, 1993, the Defendant entered a plea of guilty to Count One of the superseding information in the above-entitled case, conspiracy to possess and distribute cocaine base in violation of 18 U.S.C. § 371, and Count Two thereof, using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On September 13, 1993, the Court sentenced the Defendant to two consecutive 60–month terms. Defendant now seeks to withdraw his plea of guilty to Count Two, arguing that his plea was made without an understanding of the nature of the charge or the consequences of the pleas and, that in entering the plea, he was accordingly denied the effective assistance of counsel. Motion ¶ 11. Defendant does not contest his conviction pursuant to Count One. *Id.* ¶ 10.

In seeking to withdraw his plea of guilty to Count Two, the Defendant maintains that, "prior to his plea he had not inspected the information and had not been informed of what the offense entailed." Motion ¶ 12. "During the plea proceedings," Defendant claims, "when he questioned his counsel concerning the nature of the charge, he was told that the plea was in his best interests and [that] the exact nature of the charge was not important." *Id.* The Defendant asserts that

he was not using [or] carrying a weapon in connection with drug trafficking on April 27, 1993 and that he is innocent of that charge. He additionally contends that the facts proffered by the government were insufficient to support the charge and that, had he been adequately informed by his counsel of the elements of the offense, he would never have entered a guilty plea [thereto].

*Id.* The Defendant further notes that "during the course of the presentence investiga-

tion, [he] stated that he never used the gun that was found in the kitchen closet." *Id.*

With regard to the fact that his sentences run consecutively, the Defendant asserts that

he had not been informed prior to the plea proceeding that the sentences for the two charges would have to run consecutively, and that he did not understand this until sentencing. Had he been supplied with adequate information and explanation of the sentencing consequences, [the Defendant maintains], he would not have entered his guilty plea.

Motion ¶ 12. The Defendant accordingly seeks to withdraw his plea of guilty to Count Two.

The Defendants assertions regarding his ignorance of the elements of Count Two and the fact that the sentences for Counts One and Two would run consecutively are patently inconsistent with the transcript of the plea proceeding. The following excerpt shows that the Defendant was informed of the elements of Count Two.

THE COURT: Secondly, with respect to the second crime, the elements of that offense are that you used or carried a firearm, that you did so knowingly and intentionally, and that you did so during and in relation to a drug-trafficking offense. Do you understand the elements of these two crimes?

A: Yes, sir.

Tr. at 6, lines 18–20. Concerning the Government's proffer of what it would have proved, had the case gone to trial, Counsel for the Government indicated that it would have proved the elements of such offense:

MR. HARKINS: ... On or about April 27, 1993, this operation that was conducted by the Metropolitan Police Department and the Federal Bureau of Investigation came to a close and a search warrant was executed in [the Defendant's] home at 4679 Benning Road, Apartment No. B, in the District of Columbia. At that time approximately 22.49 grams of crack cocaine and a firearm were seized from a doorjamb inside, or just outside of a closet, and the weapon was a .45–caliber automatic Colt, and the gun had been test-fired by the Metropolitan Police Department and it was operational.

The government would also have a number of witnesses, and one of the witnesses would testify concerning the apartment of Mr. Peyton's, that Mr. Peyton had been seen previously in that apartment with drugs and with the weapon, and the government's proof would go on to show that weapons similar to this are used by drug distributors in the furtherance of their drug-trafficking activities to protect themselves both from individuals who would rob them and also from law enforcement.

Tr. at 8–9, lines 8–25, 1–2. The Court inquired whether the Defendant "[had] anything to add or correct concerning the statement of evidence just proffered to the court by the Assistant United States Attorney, Mr. Harkins." Tr. at 11, lines 8–10. The Defendant responded, "No, Sir." Tr. at 11, line 11.

The transcript also indicates that the Court articulated the fact that the sentences would run consecutively, not once, but twice. First, during the Government's proffer, the Court inquired of Mr. Harkins whether the sentences "have to run consecutive." Tr. at 11, line 14. Mr. Harkins responded that "[t]hey have to run consecutive." Tr. at 11, line 15.

Later, as part of its plea colloquy under FED.R.CRIM.P. 11, the Court inquired of the Defendant whether he was aware that the sentences would run consecutively:

THE COURT: And that the sentence under Count 2 will run consecutively to any sentence that is imposed under Count 1. Do you understand that?

A: Yes, sir.

THE COURT: Is that correct, counsel?

MR. WILHITE: Yes, Your Honor.

MR. HARKINS: Yes, Your Honor.

Tr. at 12, line 8–14. The Defendants current assertions, that he was unaware of the elements of Count Two and the fact that the sentences for Count One and Count Two would run consecutively, are therefore belied by the transcript of the plea proceeding.

## II.  DISCUSSION

The Defendant claims that his counsel failed to adequately inform him of the elements of Count Two and the fact that his sentences would run consecutively.  Maintaining that these alleged omissions constituted ineffective assistance of counsel within the meaning of the Sixth Amendment, the Defendant seeks to have the Court vacate the sentence he received on Count Two.  Because the record clearly indicates that the Defendant entered a voluntary, intelligent, and knowing plea and that he was informed of the elements of Count Two and the fact that the sentences for Count One and count Two would run consecutively, Defendant fails to establish that he was prejudiced by the alleged omissions of his counsel.  Accordingly, the Court finds that the Defendant's ineffective assistance of counsel claim is totally without merit.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied to the guilty plea context the two-part test for determining ineffective assistance counsel that it had previously announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See Hill*, 474 U.S. at 58, 106 S.Ct. at 370; *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C.Cir.1990).  The *Hill–Strickland* test requires the Defendant to show both that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *Hill*, 474 U.S. at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)), and that as a result he was prejudiced, i.e. "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

As the United States Court of Appeals for the District of Columbia Circuit has observed, "a defendant must make more than a bare allegation that he 'would have pleaded differently and gone to trial.'" *United States v. Horne*, 987 F.2d 833, 835–36 (D.C.Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 153, 126 L.Ed.2d 115 (1993) (quoting *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986)); *cf. United States v. Cray*, 47 F.3d 1203, 1206–08 (D.C.Cir.1995) (noting that starting point for court passing on request to withdraw plea is assessment of whether plea was taken in compliance with FED.R.CRIM.P. 11 and that reviewing courts will be reluctant to reverse refusal of such absent showing of error under Rule 11).  The Court finds that the Defendant clearly fails to satisfy the prejudice requirement.  The Court accordingly need not address the question whether his plea was within the range of competence demanded of attorneys in criminal cases.  *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

The transcript of the plea proceeding discloses that a colloquy occurred in the Defendant's presence among the trial judge, the prosecutor, and the Defendant's counsel concerning both the elements of Count Two and the fact that the sentences would run consecutively.  That colloquy was conclusive as to the exact nature of the offense charged in Count Two and clearly revealed that the sentences would run consecutively.

The Defendant was clearly apprised of the maximum penalties for the crimes to which he was entering a plea of guilty.  He also "confirmed that nobody had ... induced him into pleading guilty" and "that no one had predicted, prophesied or promised him a particular sentence." *United States v. Smith*, 915 F.2d 959, 964 (5th Cir.1990); *see* Tr. at 10–11.  Moreover, during the plea colloquy, the Defendant admitted possession of the guns and possession of the drugs with intent to distribute them, as charged, and he has never repudiated those sworn admissions nor has he previously claimed to have any defense to the charges to which he pled guilty.  *See Horne*, 987 F.2d at 836.

Similarly, the Court inquired of the Defendant's counsel whether the sentences for Counts One and Two would run consecutively.  Counsel for both the Government and the Defendant indicated that the sentences would have to run consecutively.  The Court

additionally asked the Defendant if he was aware that the sentences would run consecutively. The Defendant answered in the affirmative.

Now that he has apparently thought matters through more carefully, however, the Defendant maintains that he must be relieved of the consequences of his former admissions. However, the Defendant's defense appears to be "founded on little more than a reevaluation of the strength of the government's case and his own chances for mounting a successful defense." *United States v. Abreu*, 964 F.2d 16, 20 (D.C.Cir.1992) (per curiam). And that kind of explanation is not sufficient to compel the Court to permit withdrawal of the plea. *See, e.g., United States v. Daniel*, 866 F.2d 749, 752 (5th Cir.1989). Further, as the transcript of the plea proceeding discloses, the Defendant's claims are patently false.

The resolution of the prejudice inquiry is closely related to the objective prediction of whether the defense could succeed if the case went to trial. *See Hill*, 474 U.S. at 59–60, 106 S.Ct. at 370–71. "Even prior to *Hill*, [courts in the District of Columbia] required a colorable claim of innocence to justify vacating a plea on ineffective assistance of counsel grounds." *United States v. Del Rosario*, Crim. No. 86–356–01, slip op. at 10–11 (D.D.C. Nov. 28, 1988) (citing *United States v. Barker*, 514 F.2d 208, 211 (D.C.Cir.) (en banc), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975)), *aff'd.*, 902 F.2d 55 (D.C.Cir.), *cert. denied*, 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990).

While the Defendant now asserts that he is innocent of Count Two, the Court notes that the evidence against the Defendant was strong, that the Defendant acknowledged that he understood the elements of Count Two to be that he "used or carried a firearm, that [he] did so knowingly and intentionally, and that [he] did so during and in relation to a drug-trafficking offense," Tr. at 6, lines 18–24, and that the Defendant's claim of innocence did not surface until nearly two years after his plea hearing. As the United States Court of Appeals for the District of Columbia Circuit has observed:

A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*Barker*, 514 F.2d at 222.

The Defendant "has offered nothing to suggest that he would have succeeded if he had gone to trial, and indeed 'the "overwhelming" evidence suggests that [the Defendant's] decision to plead guilty was a rational choice.'" *Horne*, 987 F.2d at 836 (quoting *Lopez–Nieves v. United States*, 917 F.2d 645, 650 (1st Cir.1990) (dictum)). It is apparent, therefore, that, like the appellant in *Horne*, the Defendant wants to withdraw his guilty plea solely in order to strike a better deal with the Government. The constitutional requirement of effective assistance of counsel is intended, however, to guarantee a fair disposition of a defendant's case, not to ensure that he or she is able to drive the hardest possible plea bargain with the Government. *See Fields v. Attorney General of Md.*, 956 F.2d 1290, 1298 (4th Cir.1992); *see also United States v. Abreu*, 964 F.2d at 20 ("A simple shift in tactics or change of heart is not an adequate reason to force the government to incur the expense, difficulty, and risk of trying a defendant who has already voluntarily and intelligently waived his right to a trial. More must be shown.").

The Court further notes that, with regard to the alleged deficiencies of the Defendant's counsel, the record is clear that the Defendant did not make, nor does he now claim he was prevented from making, any assertion at the time of the plea proceeding that his counsel's explanation or lack thereof affected his decision to enter a plea. The Defendant gave affirmative answers to the Court's inquiries as to whether he understood both the elements of the offenses to which he was entering a plea of guilty and "that the sentence under Count 2 will run consecutive to any sentence that [would be] imposed under

Count 1." Tr. at 12, lines 8–9. The transcript contains no reference to the counsel's advice or explanation whatsoever.

In sum, considering the clear import of the record, that the Defendant understood the elements of Count Two and the fact that the sentences for Count One and Count Two would run consecutively, the Court cannot conclude that the prejudice prong of the *Strickland/Hill* test was met. *United States v. Del Rosario,* 902 F.2d 55, 58 (D.C.Cir.), *cert. denied,* 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990). The Court finds, after reviewing the Defendant's Motion and Reply, that, assuming *arguendo* the Defendant's counsel failed to inform him of the elements of Count Two and the fact that the sentences for count One and Count Two would run consecutively, the Defendant fails to demonstrate that the outcome of his case would have been any different had his counsel so informed him. The Court reaches this conclusion upon finding that the Defendant's claim of innocence to Count Two is not credible, and that had he gone to trial, he would likely have been convicted. *See United States v. Quin,* 836 F.2d 654, 656 (1st Cir. 1988) (affirming denial of § 2255 motion upon finding protestations of innocence not credible); *cf. United States v. Gavilan,* 761 F.2d 226 (5th Cir.1985) (affirming denial of § 2255 motion for lack of claim of innocence or allegation defendant would have pled differently).

### III. CONCLUSION

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court will enter an Order of even date herewith consistent with the foregoing Memorandum Opinion DENYING the Defendant's Motion to Vacate his Sentence for violation of 18 U.S.C. § 924(c)(1).

### ORDER

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons stated in the Court's Memorandum Opinion of even-date herewith in the above-entitled cause, it is, by the Court, this 10th day of July, 1995

ORDERED that the Defendant's Motion to Vacate his Sentence for violation of 18 U.S.C. § 924(c)(1) shall be, and hereby is, DENIED.