IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60586
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LIONEL M ARNOLD

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-130-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lionel M. Arnold, federal prisoner # 05854-043, appeals the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Arnold's notice of appeal was timely filed only as to the denial of his motion for reconsideration; that motion, however, was not timely filed so as to toll the notice of appeal period. United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995). There is

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no jurisdictional impediment to reaching the merits of the case, however. See United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir. 2000). We need not resolve whether the timing of Arnold's filings in the district court limits him from obtaining relief because, for the reasons set forth below, we conclude that his appeal fails on the merits.

Arnold requested that the district court reduce his sentence pursuant to Amendment 599 to the Sentencing Guidelines. "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." See United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c). The district court did not abuse its discretion in denying Arnold's motion because Amendment 599 was enacted before Arnold's sentence was imposed. United States v. Millsaps, 235 Fed. App'x 990 (5th Cir. 2007). A § 3582(c)(2) motion is not the appropriate vehicle to raise an issue that an appellant admittedly failed to bring up at sentencing. United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

Arnold argues that the case should be remanded for reconsideration by a different district judge because the district court has demonstrated "deep seated animus" against him. This argument is without merit. See Nethery v. Collins, 993 F.2d 1154, 1157 (5th Cir. 1993). We decline to consider Arnold's other arguments because he did not raise them in the district court, United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990), and they are beyond the scope of relief provided by § 3582.

AFFIRMED.