United States Court of Appeals,

Fifth Circuit.

No. 92-7132

Summary Calendar.

Willie James NELSON, Petitioner-Appellant,

v.

EDWARD HARGETT, Superintendent, Mississippi State Penitentiary, Respondent-Appellee.

May 4, 1993.

Appeal from the United States District Court for the Northern District of Mississippi.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Petitioner Willie J. Nelson is currently in the custody of the Mississippi Department of Corrections. He received a thirty year prison sentence in November 1988 after pleading guilty to the charge of selling cocaine. After Nelson's application for post-conviction relief was denied by the Lowndes County Circuit Court and Mississippi Supreme Court, *see Nelson v. State,* 576 So.2d 1270 (Miss.1991), he filed this § 2254 petition in U.S. District Court for the Northern District of Mississippi on July 1, 1991, contending that: (1) the indictment returned by the grand jury was defective; (2) his sentence unconstitutionally exceeded his life expectancy; (3) he was denied his right to a speedy trial; and (4) he was denied his right to effective assistance of counsel. The state noted in its answer that Nelson had not sought collateral relief in the state courts, see Miss.Code Ann. § 99-39-1 et seq. (1992 Supp.), but expressly waived the exhaustion requirement and invited the district court to reach the merits of his claims. The magistrate recommended a denial of relief on grounds that: (1) the indictment was plainly sufficient under the applicable standards; (2) Nelson's sentence did not implicate Eighth Amendment concerns; (3) he had waived his speedy trial claim by pleading guilty; and (4) Nelson had demonstrated neither the deficiencies in his attorney's performance nor the resulting prejudice necessary to sustain an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district

court, after considering the objections filed by Nelson, adopted the magistrate's report and denied relief. Nelson then filed a notice of appeal and the district court issued a certificate of probable cause.

On appeal, Nelson challenges only the district court's determinations of his speedy trial and ineffective assistance of counsel claims. We agree that Nelson's guilty plea precludes review of his speedy trial claim on the merits. We find the existing record insufficient to resolve Nelson's ineffective assistance claim, however, and therefore remand the case for an evidentiary hearing.

I.

Willie Nelson was arrested on October 11, 1985 in Columbus, Mississippi after allegedly selling cocaine to an undercover police officer. According to Nelson,[1] he remained in custody until October 26, 1985, when Mississippi officials transferred him to Florida to face pending drug charges in that state. On November 17, Nelson pled guilty to the Florida offense and received a four year sentence. Upon his entrance into the Florida prison system, Nelson allegedly filed a "Writ of Habeas Corpus in reference to the Delivery of Cocaine charge pending in the Lowndes County Circuit Court." The Lowndes County court denied this petition on December 4, 1985.

The Lowndes County grand jury indicted Nelson for the sale of cocaine on February 13, 1986. Nelson maintains that he filed motions for a speedy trial in February and July 1986, requesting transport back to Lowndes County to face the cocaine charge. State officials apparently took no steps, however, to bring him to trial. On March 1, 1988, the Lowndes County Circuit Court denied one of Nelson's speedy trial motions on grounds "that the defendant is presently incarcerated in Florida and ... the State of Mississippi has no way to obtain custody until the expiration of his sentence." Rec. at 59. This holding was factually incorrect, as Nelson had completed his Florida sentence and returned home to Mississippi on July 31, 1987, seven months prior to the date of the court's decision.

On August 13, 1988, Nelson was arrested in Lowndes County and served with a copy of the February 13, 1986 indictment. After his family posted bail, Nelson retained the services of Donald

[1]The following procedural history is based on the account supplied by Nelson in his brief. This account is in many instances not supported by documents in the record. The state has in the main elected to accept his version of events. We shall do the same for the purposes of this appeal.

Steighner, a Columbus, Mississippi attorney, to assist in his defense. According to Nelson, he advised Steighner that he had filed two speedy trial motions in 1986 and that he had witnesses who would deny his involvement in the cocaine sale. Steighner allegedly responded that Nelson had no need for witnesses because the amount of time that had elapsed since his arrest in 1985 would preclude the state from prosecuting him on this charge.

Whatever repose Nelson might have enjoyed after this initial consultation was shattered on November 15, 1988, when he received an urgent message from Steighner directing him to report to the courthouse immediately. According to Nelson, Steighner now informed him that he had been unable to locate any evidence of the speedy trial motions in the court records and that, based on his conversations with the district attorney and the trial judge, Nelson would likely receive a mandatory sentence of ninety years if he chose to proceed to trial. Faced with this substantial exposure, Steighner recommended that Nelson accept the plea bargain offered by the state. Under the agreement he would plead guilty to the cocaine charge and receive thirty years imprisonment in exchange for the state's promise to drop the habitual offender portion of the indictment, retire two pending charges to the files, and withdraw two additional charges currently before the grand jury. Nelson entered his guilty plea later that same day. The trial court accepted the plea and placed him in the custody of the Mississippi Department of Corrections.

## II.

After raising a multitude of issues in state court post-conviction proceedings and in the district court below, Nelson presents only two contentions to this court on appeal. He maintains that the district court erred in rejecting his speedy trial and ineffective assistance of counsel claims. The district court held that Nelson waived his right to a speedy trial by pleading guilty. This determination is clearly correct, for a defendant waives all non-jurisdictional defects upon entering a guilty plea, *see, e.g., United States v. Jennings,* 891 F.2d 93, 95 (5th Cir.1989); *Barnes v. Lynaugh,* 817 F.2d 336, 338 (5th Cir.1987), including alleged violations of his right to a speedy trial. *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992).

Nelson's ineffective assistance of counsel claim has more purchase. In order to prevail on this

claim, Nelson must prove that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 686-87, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the context of guilty pleas, Nelson may establish the requisite prejudice only by demonstrating a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted upon going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *United States v. Bounds,* 943 F.2d 541, 544 (5th Cir.1991). "[W]hen the alleged error of counsel is failure to advise of an affirmative defense, the outcome of the prejudice element of the test "will depend largely on whether the affirmative defense likely would have succeeded at trial.' " *United States v. Stumpf,* 827 F.2d 1027, 1029 (5th Cir.1987) (quoting *Hill,* 474 U.S. at 59-60, 106 S.Ct. at 370-71). The district court held that Nelson had failed to establish the deficient performance and resulting prejudice required by *Strickland.* For the reasons explained below, we believe that the court's rejection of Nelson's ineffective assistance claim was possibly incorrect and certainly premature.

Nelson contends that Steighner, his lawyer, failed to investigate any of the possible legal or factual defenses that he might have raised. This asserted failure to investigate plainly implicates *Strickland's* protections, for "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. At the same time, bare allegations do not suffice: "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir.1989). Nelson maintains that Steighner would have located, as his sister later did, a copy of the Lowndes County Circuit Court's March 1, 1988 denial of his speedy trial motion had he searched the courthouse records. As it was, Steighner allegedly advised Nelson to plead guilty, stating that, absent any evidence of these prior motions, he would not prevail on the speedy trial claim. It is difficult, on these facts, to view Steighner's failure to pursue the speedy trial claim as the product of a reasonable litigation strategy. The district court's holding to the contrary appears incorrect.

The district court also erred in concluding that Nelson could not demonstrate that his speedy trial claim would have prevailed in state court. Nelson contends that the thirty-seven month delay between his arrest and guilty plea violated his speedy trial rights under Mississippi law as well as the Sixth Amendment. Mississippi requires prosecutors to try all defendants within 270 days from the time of arraignment unless good cause can be shown. Miss.Code Ann. § 99-17-1 (1992 Supp.). Even were we to assume that this issue is properly before us, we would agree with the state that Nelson's statutory claim is meritless, for the record indicates that he pled guilty on the same day he was arraigned.

Nelson's constitutional speedy trial claim presents a different question, however.[2] The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." Speedy trial claims are examined under the four-pronged balancing test set out in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Barker* directs courts to examine (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. These four inquiries are readily identifiable but "have no talismanic qualities": none of the four elements should be regarded "as a necessary or sufficient condition to the finding of a deprivation to the right of speedy trial." *Id.* at 533, 92 S.Ct. at 2193. In the place of rigid rules "*Barker* prescribes "flexible' standards based on practical considerations," *Strunk v. United States,* 412 U.S. 434, 438, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973), and requires courts to "engage in a difficult and sensitive balancing process," *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193, not mechanical factor-counting.

*Barker's* first factor, length of delay, performs a dual function. In the first instance, this inquiry serves as a threshold requirement, for a defendant's right to a speedy trial is implicated only where the government has failed to prosecute his case with customary dispatch. *Doggett v. United*

---

[2]It is well established that a state's compliance with its own speedy trial statute will not insulate it from constitutional attack. *Davis v. Puckett,* 857 F.2d 1035, 1040 (5th Cir.1988); *Gray v. King,* 724 F.2d 1199, 1202 n. 4 (5th Cir.), *cert. denied,* 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984); *Smith v. State,* 550 So.2d 406, 408 (Miss.1989). Nonetheless, Mississippi has, for reasons that are not evident, chosen not to address Nelson's Sixth Amendment speedy trial claim in its brief. This is unfortunate, for the state might have been able to shed light on some, but not all, of the unanswered questions that make a remand in this case necessary.

*States,* --- U.S. ----, ---- - ----, 112 S.Ct. 2686, 2690-91, 120 L.Ed.2d 520 (1992). If the defendant succeeds in establishing that "the interval between accusation and trial has crossed the line dividing ordinary from "presumptively prejudicial' delay," we "must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* (citing *Barker,* 407 U.S. at 530-31, 533-34, 92 S.Ct. at 2192, 2193-94).

While the protections of the Speedy Trial Clause formally extend to "the accused," a defendant's right attaches at the time of arrest or indictment, whichever comes first. *United States v. MacDonald,* 456 U.S. 1, 6-7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982); *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) (per curiam); *Gray,* 724 F.2d at 1202; *United States v. Walters,* 591 F.2d 1195, 1200 (5th Cir.), *cert. denied,* 442 U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 317 (1979). The Court in *Doggett* noted that "lower courts have generally found postaccusation delay "presumptively prejudicial' at least as it approaches one year." --- U.S. at ---- n. 1, 112 S.Ct. at 2691 n. 1 (citing 2 W. LaFave & J. Israel, Criminal Procedure § 18.2, p. 405 (1984); Joseph, *Speedy Trial Rights in Application,* 48 Ford.L.Rev. 611, 623 n. 71 (1980)). Mississippi courts, for example, have held that a delay of eight months may be presumptively prejudicial. *See, e.g., Smith v. State,* 550 So.2d 406, 408 (Miss.1989); *Bailey v. State,* 463 So.2d 1059, 1062 (Miss.1985). This circuit has been somewhat more liberal in its application of *Barker's* first prong, generally requiring a delay of at least one year to trigger the speedy trial analysis. *See, e.g., Millard v. Lynaugh,* 810 F.2d 1403, 1406 (5th Cir.) (18 months), *cert. denied,* 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987); *United States v. Greer,* 655 F.2d 51, 52 (5th Cir.1981) (113/4 months); *United States v. Avalos,* 541 F.2d 1100, 1108 (5th Cir.1976) (15 months), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977). In any event, the three year interval between Nelson's arrest on October 11, 1985 and his November 15, 1988 guilty plea unquestionably meets the "presumptively prejudicial" standard.

The district court held that the lapse of thirty-seven months between Nelson's arrest and plea was not "presumptively prejudicial" because most of the delay "was caused by his own actions." The

speedy trial clock is properly tolled in cases where responsibility for the delay lies with the defendant rather than the state. A defendant, for example, will not be heard to complain of a lapse of time attributable to continuances he sought and received from the trial court. *Davis,* 857 F.2d at 1041. This case, however, does not present analogous circumstances. To the contrary, shifting the responsibility to Nelson on the basis of "actions" consisting of his transfer to Florida and subsequent imprisonment in that state is at odds with Mississippi's abiding "constitutional duty to make a diligent, good-faith effort" to bring defendants incarcerated in other jurisdictions to trial. *Smith v. Hooey,* 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969). As the Supreme Court stated in a later decision, "a prosecuting authority is not relieved of its obligation to provide a defendant a speedy trial just because he is in custody elsewhere." *United States v. Mauro,* 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978); *see also Vickery v. State,* 535 So.2d 1371, 1376 (Miss.1988); *Hughey v. State,* 512 So.2d 4, 7 (Miss.1987); *Saxton v. State,* 394 So.2d 871, 874 (Miss.1981). We recognize the difficulties frequently involved in bringing defendants back to stand trial and note that even the prosecutor's most diligent efforts often will not prevent substantial amounts of time from elapsing. These special circumstances, however, are best considered in evaluating the reasons for delay, see *infra,* and should not serve to defeat a speedy trial claim at the outset.

We also find that Nelson adequately asserted his speedy trial rights. Such an assertion "is entitled to strong evidentiary weight," *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, for it provides prosecutors with the opportunity "to redress any deprivation" and courts with the "assurance that a defendant sincerely desires a speedy trial." *Gray,* 724 F.2d at 1204 n. 7. Nelson maintains, and the state does not contest, that he demanded a return to Mississippi to stand trial on the cocaine charge once in 1985 and twice in 1986. The record does not contain the 1985 petition for habeas corpus and the 1986 speedy trial motions. Nelson has submitted, however, a copy of the March 1, 1988 Lowndes County Circuit Court order denying one of these motions. This evidence at this point suffices, especially given the state's decision not to challenge Nelson's account of the events.

Nelson has established that the delay between his arrest and guilty plea was "presumptively prejudicial" and that he adequately asserted his right to a speedy trial. Evidence relating to the

remaining *Barker* factors—reasons for the delay and prejudice to the defendant—is sparse, however, and precludes this court from examining these crucial elements of Nelson's claim with any level of confidence. Rather than affirm the district court's rejection of these claims, we believe that an evidentiary hearing is in order. We turn to the standards that should be applied on remand.

In examining the government's explanations for the delay, "different weights should be assigned to different reasons." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192. While "deliberate delaying tactics by the prosecution should weigh heavily against the government, ... more neutral reasons such as negligence or overcrowding should weigh less heavily, although still be considered." *Gray v. King,* 724 F.2d 1199, 1203 (5th Cir.1984) (citing *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192). This is because negligence "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delay[ ]." *Doggett,* --- U.S. at ----, 112 S.Ct. at 2693. On the other hand, "great weight" will be attached to a showing that the government acted with "reasonable diligence" in conducting its prosecution, such that a defendant frequently will not prevail on his speedy trial claim, regardless of the length of delay. *Id.* at ----, 112 S.Ct. at 2692.

The district court held that Nelson, not the state, caused the bulk of the delay by virtue of his imprisonment in Florida. But, as we explained, this decision to shift responsibility for the delay to Nelson is inconsistent with the state's constitutional obligation to provide defendants incarcerated elsewhere with a speedy trial. *See, e.g., Hooey,* 393 U.S. at 383, 89 S.Ct. at 579. The proper focus is instead on whether, and to what extent, the state took steps to bring Nelson back to Mississippi for trial. The state does not address this issue. Nelson, on the other hand, asserts, without elaboration, that the state made no effort to provide a speedy trial and that this omission was not merely negligent, but deliberate. The parties, particularly the state, should attempt to provide a more detailed account of these events on remand.

The final inquiry under *Barker* is whether the delay between accusation and trial caused prejudice to the defendant. The Supreme Court has identified three distinct harms that might result from such delays: (1) " "oppressive pretrial incarceration' "; (2) " "anxiety and concern of the accused' "; and (3) " "the possibility that the [accused's] defense will be impaired' by dimming

memories and loss of exculpatory evidence." *Doggett,* --- U.S. at ----, 112 S.Ct. at 2693 (quoting *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193). The last form of prejudice is the most serious, " "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' " *Id.* Nelson initially made no attempt to demonstrate that the delay had caused him prejudice. This led the magistrate to recommend rejecting his claim on grounds that he "has failed to allege or show the prejudice required by *Barker.*" Nelson's objections to the magistrate's report and his brief on appeal contain vague allusions to the disappearance of two potential witnesses, the loss of memory of some others, and the anxiety he experienced while awaiting word on his trial. As the district court held, these largely conclusory statements are insufficient to establish prejudice under *Barker* and its progeny.

On the other hand, the Supreme Court recently confirmed that "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett,* --- U.S. at ----, 112 S.Ct. at 2692 (citing *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 188, 38 L.Ed.2d 183 (1973) (per curiam); *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193). To the contrary, such a showing may be unnecessary where the other *Barker* factors, especially the length and reason for the delay, weigh heavily in the defendant's favor. *Gray,* 724 F.2d at 1204; *United States v. Avalos,* 541 F.2d 1100, 1116 (5th Cir.1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977). In particular, it will often be appropriate to relieve defendants of the onerous burden of demonstrating concrete prejudice in instances where an unusually lengthy delay has its source in "official bad faith" or the prosecutor's desire to gain a tactical advantage. *Doggett,* --- U.S. at ----, 112 S.Ct. at 2693; *Barker,* 407 U.S. at 531 & n. 32, 92 S.Ct. at 2192 & n. 32; *Gray,* 724 F.2d at 1204. After *Doggett,* the government's negligence may, in the extraordinary case, lift this burden of making a particularized showing as well. --- U.S. at ----, 112 S.Ct. at 2693 ("While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him"). The district court's rejection of Nelson's speedy trial claim on grounds that he had not established specific prejudice rests on its prior determination that such a showing is necessary in this case. This initial

decision was unwarranted in the absence of any findings concerning the possible reasons for the unusually lengthy interval between Nelson's arrest and guilty plea.

The record is not sufficient to provide full review of Nelson's ineffective assistance of counsel claim. *Wilcher v. Hargett,* 978 F.2d 872, 877 (5th Cir.1992); *United States v. Smith,* 915 F.2d 959, 964 (5th Cir.1990). Specifically, the state has offered no evidence, by affidavit or otherwise, to counter Nelson's allegations concerning his counsel's failure to investigate. More information would seem necessary in this case, given the importance of the "inquiry into counsel's conversations with the defendant" in assessing the reasonableness of "counsel's investigation decisions." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. Additional facts are also needed to determine whether Nelson was prejudiced by his counsel's allegedly deficient performance, especially with regard to Steighner's apparent failure to pursue his speedy trial claim. The existing record sheds no light on the possible reasons for the thirty-seven month interval between Nelson's arrest and guilty plea. There is likewise no specific evidence concerning the prejudice Nelson might have suffered as a result of this unusual delay.[3]

### III.

On remand the district court should consider appointment of counsel.

We reverse the district court's denial of the petition for habeas corpus and remand this case to the district court for an evidentiary hearing on Nelson's ineffective assistance of counsel claim.

REVERSED AND REMANDED.

---

[3]We do not reach Nelson's claim that counsel's failure to investigate caused him to overlook two potential witnesses who would have denied Nelson's involvement in the underlying offense. We also do not reach Nelson's allegations concerning his attorney's failure to advise him of his constitutional rights and the correct sentence he faced before he pled guilty. Both parties have submitted with their briefs additional information bearing on this second question. Nelson has included the affidavits of family members who allegedly were present when Steighner advised him to plead guilty; the state has attached a copy of Nelson's signed plea petition. We cannot, however, consider evidence that was not part of the record before the district court. *Smith,* 915 F.2d at 963-64. The parties may introduce these documents along with other relevant evidence on remand.