UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60616
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

EDDIE PRITCHETT, JR.

                              Defendant-Appellant.

_____

Appeal from the United States District Court for the
            Northern District of Mississippi
                  (2:95-CR-036-D-A)
_____

                    July 3, 1996
Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Eddie Pritchett, Jr., appeals his conviction and sentence for aiding and abetting others to possess with intent to distribute in excess of five grams of a mixture containing cocaine base. Our review of the record and the arguments and authorities convinces us that no reversible error was committed.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Pritchett argues that the evidence was insufficient to support his conviction. Trooper Mills's search of Pritchett's person uncovered 45.82 grams of cocaine base. As such, there was sufficient evidence for the jury to conclude that Pritchett actually possessed the contraband. The Government also introduced testimony estimating that the street value of 45.82 grams of cocaine base was between $4,500 and $9000 and "definitely indicative" of distribution, not personal use. Thus, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the verdict, the evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Pritchett was guilty of the offense charged. See United States v. Pennington, 20 F.3d 593, 597 (5th Cir. 1994).

Pritchett contends that the district court erred in denying his motion to suppress the evidence seized after the traffic stop. He maintains that the stop, based on an unreliable tip, was merely a pretext to enable Trooper Mills to find contraband. A review of the record reflects that the initial traffic stop was justified at its inception. Thus, whether Trooper Mills had the subjective intent to search for drugs based on an allegedly unreliable tip is irrelevant because the initial traffic stop was lawful. See United States v. Causey, 834 F.2d 1179, 1184-85 (5th Cir. 1987) (en banc). The district court did not err in denying Pritchett's motion to suppress the evidence seized after the traffic stop.

Pritchett argues that his constitutional speedy trial rights

2

were violated because, although he was arrested on June 3, 1994, he was not indicted on the federal charges until March 23, 1995. The federal constitutional right to a speedy trial does not ordinarily attach until a federal accusation, even if a prior state arrest is based on the same events as the subsequent federal charge. United States v. Walker, 710 F.2d 1062, 1069 (5th Cir. 1983), cert. denied, 465 U.S. 1005 (1984). Pritchett was not subject to a federal indictment until March 23, 1995, and, therefore, his Sixth Amendment right did not attach until that date. His trial was conducted on June 12 and 13, 1995. This delay of less than three months is insufficient to trigger the constitutional speedy-trial analysis. See Nelson v. Hargett, 989 F.2d 847, 851-52 (5th Cir. 1993) (noting that this circuit generally requires a delay of at least one year to trigger the speedy-trial analysis).

To the extent that Pritchett contends that he was denied due process because of the delay between his state arrest and his federal indictment, his argument is unavailing because Pritchett has not demonstrated actual prejudice. See United States v. Beszborn, 21 F.3d 62, 65-66 (5th Cir.), cert. denied, 115 S.Ct. 330 (1994).

Pritchett next argues that the district court abused its discretion in allowing Trooper Mills to testify regarding the radio dispatch advising him to watch for a type of vehicle believed to be occupied by two black males carrying approximately two ounces of cocaine base. The court did not abuse its discretion in admitting

3

the challenged testimony because "[o]ut-of-court statements providing background information to explain the actions of investigators are not hearsay." United States v. Carrillo, 20 F.3d 617, 619 (5th Cir.), cert. denied 115 S.Ct. 261 (1994).

Finally, the court did not err in refusing to grant a decrease in Pritchett's offense level for acceptance of responsibility. See United States v. Maldonado, 42 F.3d 906, 913-14 (5th Cir. 1995).

AFFIRMED.