IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40171
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGELIO CASTRO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CR-1-3
--------------------
October 23, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogelio Castro appeals from his conviction of possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana.  He argues that the evidence was insufficient to support his conviction and that the Speedy Trial Clause was violated.

The jury could have inferred from the evidence at trial that there was an agreement to move marijuana from Texas to Memphis, Tennessee; that Castro knew of the agreement and intended to join it; and that Castro voluntarily participated in the agreement.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Martinez*, 190 F.3d 673, 676 (5th Cir. 1999).
The jury could have inferred that Castro jointly and
constructively possessed marijuana with others and that he
intended to distribute it. *Id*.

Castro's federal indictment, on January 15, 1998, not his
arrest by state law-enforcement authorities, marked the staring
point for the speedy-trial analysis in his case. The 22-month
delay between the indictment and Castro's trial was sufficiently
long to trigger a speedy-trial analysis. *Nelson v. Hargett*, 989
F.2d 847, 851 (5th Cir. 1993). The period between January 15,
1998 and June 2, 1999, when the Government petitioned for Castro
to be brought to face the instant charges, can be attributed to
the negligence of the Government. The period between June 2,
1999 and August 23, 1999 can be attributed to pretrial
proceedings and the period from August 23, 1999, to the date of
trial can be attributed to Castro's own motion for a continuance.
The Government's negligence weighs against it, but not greatly.
*Id*. at 852.

Castro raised his speedy-trial issue for the first time in
his motion to dismiss the indictment. He did not actually assert
his right to a speedy trial. *Hill v. Wainwright*, 617 F.2d 375,
379 (5th Cir. 1980).

Castro does not contend that he was prejudiced by the delay
in his case. Rather, he contends that he should have been given
an evidentiary hearing so that he could have shown that the
Government's actions were sufficiently egregious to give rise to
a presumption of prejudice. Because a key Government witness

personally booked him into jail on state charges, Castro argues, an evidentiary hearing could have resolved whether the Government acted negligently or deliberately.  Castro's stay in state custody is irrelevant to his federal speedy-trial claim.  No evidentiary hearing was required on his motion to dismiss the indictment.

AFFIRMED.