# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-70026

PAUL G. DEVOE, III,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-151

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Paul G. Devoe, III, was indicted, tried, and convicted for the murder of Haylie Faulkner and Danielle Hensley in Texas state court. After his direct appeal and state habeas petition proved fruitless, Devoe filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in district court. The district court denied habeas relief and denied a certificate of appealability on each of Devoe's claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-70026

Devoe also filed a motion asking the district court to give him funds for an expert to assist in developing claims, which the district court denied. Devoe now requests that this court issue a certificate of appealability on a number of habeas claims and also appeals the district court's denial of his motion for funding. We DENY a certificate of appealability on Devoe's claims and AFFIRM the district court's denial of Devoe's motion for funding.

## I.

## A.

Texas charged Devoe with capital murder for the deaths of Haylie Faulkner and Danielle Hensley. His case proceeded to a jury trial. The state's evidence showed that Devoe previously dated Faulkner's mother, and Devoe killed both Faulkner and Hensley during a multiple day criminal episode. The jury convicted Devoe, finding him guilty beyond a reasonable doubt of capital murder.

The trial then proceeded to the punishment phase. The state's evidence focused on the murders of Faulkner and Hensley, as well as the murder of 81-year-old Betty DeHart during the same multiple day criminal episode. The state also presented ample evidence of Devoe's lengthy criminal history and history of abusing women. The jury heard testimony from multiple women who obtained protective orders against Devoe after violent incidents. In addition, Devoe's family confirmed that he had attempted to strangle his own mother with a telephone cord.

There was significant evidence that Devoe abused alcohol and drugs. Witnesses who knew Devoe testified that Devoe was more violent when he abused these substances. Expert witnesses also testified to Devoe's substance abuse. As an expert for the defense, Dr. Robert Cantu admitted that if given access to drugs, alcohol, and weaker inmates, Devoe "would be a future danger." A.P. Merillat, a senior criminal investigator for the Texas Special

No. 16-70026

Prosecution Unit, testified that inmates have access to drugs, alcohol, and weapons. He also testified that violent crimes occur in Texas prisons. Dr. Richard Coons, a psychiatrist, testified for the state without objection from Devoe. After interviewing Devoe and reviewing his medical records, Dr. Coons concluded that Devoe would be a continuing threat to society. The jury returned its verdict, answering the special-issue questions in a manner requiring the imposition of a death sentence.

The Texas Court of Appeals affirmed Devoe's conviction and sentence on direct appeal. *Devoe v. State*, 354 S.W.3d 457, 468—76 (Tex. Crim. App. 2011). While his direct appeal was pending, Devoe also filed an application for state habeas corpus. The state court denied Devoe's requested habeas corpus relief, and the Texas Court of Criminal Appeals affirmed. *Ex parte Devoe*, WR-80, 402-01, 2014 WL 148689, *1 (Tex. Crim. App. Jan. 15, 2014).

**B.**

Before filing his federal habeas petition, Devoe sought funding in federal court under 18 U.S.C. § 3599(f) to retain an expert to assist in developing his claims. Devoe then filed a federal habeas petition under 28 U.S.C. § 2254 but sought to stay the federal proceedings in order for him to exhaust his habeas claims in state court under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In that same motion, alleging incompetency, Devoe asserted that his constitutional rights would be violated if he had to proceed with his federal petition while incompetent. He sought a stay and abatement of the proceedings "until such time, if ever, he regain[ed] competency." The district court granted the motion to stay to allow Devoe to exhaust his *Martinez* claims in state court but denied the motion to stay to the extent Devoe requested a stay until his competency could be restored.

After Devoe asserted his unexhausted claims in state court, the Texas Court of Criminal Appeals determined that these claims failed to satisfy the

No. 16-70026

requirements for filing a successive state habeas application and thus dismissed Devoe's application. *Ex parte Devoe*, WR-80, 402-02, 2016 WL 157980, at \*1 (Tex. Crim. App. Jan. 13, 2016). The district court then lifted the stay of these federal proceedings.

In his federal habeas petition, Devoe raised 15 grounds for relief. In turn, the district court addressed each of these claims and denied habeas relief on all of them in a comprehensive, 130-page opinion. The district court also denied his motion for funding and denied a certificate of appealability for each of Devoe's claims. Devoe now appeals the district court's denial of his 18 U.S.C. § 3599(f) motion for expert funding and seeks a certificate of appealability as to several claims.

## II.

## A.

Under the Antiterrorism and Effective Death Penalty Act, a state prisoner may only appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" upon obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). This is a "jurisdictional prerequisite" to the adjudication of a habeas petitioner's appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* at 336; 28 U.S.C. § 2253(c)(2). This requirement is "not coextensive with a merits analysis," but rather the court of appeals must decide only whether "jurists of reason could disagree with the district court's resolution of the [petitioner's] constitutional claims. . . ." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 327). Put differently, a "court of appeals should limit its examination at the COA stage to a threshold inquiry into the underlying merits of the claims, and ask only if the District Court's decision was debatable." *Id.* at 774 (alteration omitted).

Moreover, where the district court denies a petitioner relief as to a particular claim on procedural grounds—*e.g.*, failure to exhaust, procedural default, and the like—the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "[A]ny doubts as to whether a COA should issue must be resolved in [Devoe's] favor" because this case involves the death penalty. *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).

Under AEDPA, a federal court may not grant habeas relief unless the petitioner has first exhausted state remedies. 28 U.S.C. § 2254(b)(1)(A).  If a claim has been exhausted in state court and a state court has ruled on the merits of the claim, a habeas petitioner is only entitled to relief if the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court's proceeding." 28 U.S.C. § 2254(d)(1)—(2).

Thus, to each of Devoe's claims that was decided by the state court, the relevant question is whether "jurists of reason could disagree" about whether the state court's disposition of Devoe's claim involved an unreasonable application of Supreme Court case law or an unreasonable determination of the facts. *Buck*, 137 S. Ct. at 773; 28 U.S.C. § 2254(d)(1)—(2).

## B.

Devoe seeks a certificate of appealability as to several claims he raised in his initial habeas petition. Devoe's brief is difficult to understand. While we endeavor to interpret it in the light most favorable to the petitioner, we do not make arguments for counsel. As best we can tell, Devoe asserts that he is

No. 16-70026

entitled to a certificate of appealablity on his claims that: (1) the state violated his constitutional rights by presenting the allegedly false and misleading testimony of its expert, A.P. Merillat; (2) his trial counsel rendered ineffective assistance in his preparation for Merillat's testimony; (3) his trial counsel rendered ineffective assistance in his treatment of Dr. Richard Coons's testimony; and (4) his trial counsel rendered ineffective assistance in his investigation and presentation of mitigating evidence. We consider each in turn.

Devoe makes multiple claims based on the testimony of state expert, A.P. Merillat. At trial, Merillat testified that he had more than twenty years of experience investigating and assisting in the prosecution of crimes committed within the Texas Department of Criminal Justice. Without any objection from Devoe, Merillat explained how Texas inmates have access to contraband, including drugs, alcohol, and weapons, and he offered examples of crimes that occur within Texas prisons. Based on decades spent investigating these crimes, he explained that even inmates who received sentences of life without parole enjoy a "degree of freedom." To quote the district court's opinion, Merillat offered "his unremarkable expert opinions" that Texas prison inmates have access to drugs, alcohol, and weapons, and violent crimes take place there.

Devoe asserts that Merillat: (1) "exaggerated instances of violence in [the Texas Department of Criminal Justice] because he failed to take into consideration how that violence related to TDCJ's population as a whole"; and (2) "added unsolicited anecdotal comments" about a recent killing by another cellmate—when, in reality, the death was accidental, and the inmates were not cellmates. He asserts that these alleged misrepresentations in Merillat's testimony merit relief under *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v.*

6

*Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972). We consider each of Devoe's legal claims in turn.

## 1. *Brady* Claim

The district court determined that Devoe did not fairly present his *Brady* claim in state court, so that claim is not exhausted.[1] Even so, the district court reviewed Devoe's *Brady* claim *de novo* as authorized by 28 U.S.C. § 2254(b)(2).. In denying relief, the district court explained, "the alleged errors identified by Petitioner in Merillat's trial testimony either relate to insignificant details in those anecdotal accounts or are completely refuted by the sworn assertions contained in Merillat's affidavit."

Merillat produced a detailed affidavit in response to Devoe's state habeas petition, specifically addressing each of the alleged false statements identified by Devoe. While Devoe argues that Merillat "exaggerated instances of violence in TDCJ," Merillat's affidavit contends that none of the statistics offered by Devoe actually contradict Merillat's testimony at trial. Similarly, Merillat's affidavit argues that while the inmates were not technically cell mates, Merillat's statement was not misleading because they were located in the same cell at the time of the incident.

A *Brady* violation consists of: (1) "the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) "that evidence must have been suppressed by the state"; and (3) "prejudice must have ensued" – i.e., the evidence must be material. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Smith v. Cain*, 565

---

[1] Devoe does not appear to contest the district court's finding concerning exhaustion. In light of the district court's decision to review this claim *de novo,* we will also review it.

U.S. 73, 75 (2012). "Reasonable probability," however, "does not mean that the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine confidence in the outcome of the trial." *Id.* at 75-76 (alteration omitted).

Devoe seems to argue that the state violated *Brady* by "withholding" alleged inaccuracies in Merillat's testimony. According to Devoe, this evidence was favorable to him because the prosecution had a "weak case" on the issue of future dangerousness without this evidence. As to *Brady*'s second prong, Devoe argues that the testimony was "suppressed" because when Merillat told the story about the prison death, Merillat did not disclose that the death did not involve cellmates and was an accidental, not intentional, death. According to Devoe, he was prejudiced by this "non-disclosure" because without Merillat's testimony, the state could not demonstrate that Devoe would be a danger in prison. Devoe maintains that these alleged inaccuracies are actually falsehoods.

We deny Devoe's request for a certificate of appealability on this claim. First, as the district court recognized and Devoe does not contest, his *Brady* claim is unexhausted. 28 U.S.C. § 2254(b)(1)(A) (requiring a habeas petitioner to exhaust "the remedies available in the courts of the State"). Next, even assuming *arguendo* that jurists of reason could disagree with the district court's conclusion that Merillat's testimony was not inaccurate, Devoe has not demonstrated that jurists of reason could disagree with the district court's conclusion that Devoe has failed to satisfy the materiality element of a *Brady* claim. *Buck,* 137 S. Ct. at 773. As the district court noted, there was significant evidence of Devoe's potential for future dangerousness, even excluding Merillat's allegedly false testimony. In addition to the double capital murder of which Devoe was convicted, there was "overwhelming evidence" that Devoe

had murdered four *additional* people and attempted to kill another. The jury also heard evidence of Devoe's violent background, including prior convictions of aggravated harassment, endangering the welfare of a child, assault, criminal trespass, and disorderly conduct. *See Devoe*, 354 S.W.3d at 466-67. Finally, the jury heard unrebutted testimony from another witness, Dr. Coons, that "drugs and alcohol [are] pretty prevalent in correctional facilities" and that "any type of drug found on the streets of Austin basically could be found in a Texas prison." Both Dr. Coons and Dr. Cantu, an expert for the *defense*, agreed that Devoe would likely be a continued threat if given access to drugs, alcohol, and weaker inmates.

Accordingly, we conclude that jurists of reason could not disagree as to whether there is a "reasonable probability" that, had Merillat either "disclosed" Devoe's cited statistics or clarified the prison death incident, "the result of the proceeding would have been different." *Smith*, 565 U.S. at 75. As noted, even with such "disclosure," there was extensive evidence presented to the jury regarding Devoe's potential for future dangerousness, and none of the allegedly "withheld" information undermines this evidence. Therefore, we deny a certificate of appealability on Devoe's *Brady* claim.

## 2. *Napue/Giglio* claim

Devoe next seeks a certificate of appealability on his *Napue/Giglio* claim based on Merillat's testimony. The state habeas court concluded, and the district court agreed, that Devoe's *Napue/Giglio* claim is without merit. After "independently review[ing] the entirety of Merillat's trial testimony, the Petitioner's voluminous pleadings and exhibits in Petitioner's state habeas corpus proceeding, and Petitioner's pleadings in this proceeding," the district

court agreed with the state habeas court's determination that Merillat's testimony was neither false nor misleading.

To make a successful *Napue*/*Giglio* claim, a defendant must demonstrate: (1) "the testimony was actually false; (2) the state knew it was false; and (3) the testimony was material." *Canales v. Stephens*, 765 F.3d 551, 573 (5th Cir. 2014). Evidence is "material" if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)).

Devoe's claim is based on a single, allegedly false statement by Merillat. At trial, Merillat denied that it was one of his jobs to testify in capital cases. Devoe claims Merillat's statement was false, citing a Special Prosecution Unit document which states that its investigators are qualified expert witnesses on "death penalty cases on the future danger issues, and violence in the prison system." This document listed Merillat as a contact person. Devoe faults the state for failing to correct Merillat's alleged misstatement.

Devoe has not demonstrated that "jurists of reason could disagree" with the district court's conclusion that Devoe is not entitled to a certificate of appealability on his *Napue*/*Giglio* claim. First, Devoe has not established that jurists of reason could disagree as to whether Merillat's statement was false. *See Canales*, 765 F.3d at 573 (holding that the district court was correct in denying a *Giglio/Napue* claim when the petitioner did not establish that the testimony was false). Merillat, in his affidavit, states that his supervisors have told him multiple times that he is not "required to testify in any capital case." Members of the Special Prosecution Unit are qualified and available to testify

as expert witnesses; they are not required to do so. Devoe does not even attempt to rebut Merillat's affidavit in his brief.[2]

In addition, Devoe does not offer evidence for the proposition that the state "knew" any of the statements that Devoe alleges were false were, in fact, false. *Canales*, 765 F.3d at 573 (holding that the district court was correct in denying a *Giglio/Napue* claim when the petitioner did not establish that the State knew the testimony was false). As the district court explained, Devoe fails "to allege any specific facts showing that the prosecution knowingly elicited any factually inaccurate or misleading testimony from Merillat." As such, he forfeits any argument on this point. *See Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (explaining that when a habeas petitioner "fails to brief an argument adequately," it is forfeited).

Finally, as the district court concluded and as explained in relation to Devoe's *Brady* claim, there was significant evidence supporting a conclusion of potential dangerousness apart from *any* of Merillat's testimony. It is also hard to see how there would have been any meaningful impeachment value from showing that Merillat was, in fact, required to testify. "[J]urists of reason" could not disagree with the district court's determination that the state court correctly concluded that Devoe failed to show that the allegedly false testimony had a "reasonable likelihood" of "affect[ing] the judgment of the jury." *Buck*, 137 S. Ct. at 773.

For these reasons, we deny a certificate of appealablity on Devoe's *Napue/Giglio* claim.

---

[2] Devoe also points to the alleged "exaggerations" about prison violence and the anecdote about the death of an inmate as examples of false testimony by Merillat. For reasons given previously, jurists of reason could not disagree with the district court's determination that Devoe's *Napue/Giglio* challenge fails.

**3. Ineffective assistance of counsel claims**

Devoe also seeks a certificate of appealability on a series of an ineffective assistance of counsel claims. In this kitchen-sink effort, he objects to trial counsel's performance in (a) its preparation for Merillat's testimony; (b) its treatment of Dr. Coons's testimony; and (c) its investigation and presentation of mitigating evidence.

Under *Strickland*, Devoe must show: (1) deficient performance; and (2) prejudice. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). As to deficiency, there is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Id.* To show prejudice, a defendant "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

His first claim is based on trial counsel's conduct in preparation for Merillat's testimony. Devoe admits that trial counsel hired a defense expert to advise and testify during the punishment phase of Devoe's trial. He contends, however, that his trial counsel failed to *independently* investigate and prepare for Merillat's testimony concerning future dangerousness.

Devoe is not entitled to a certificate of appealablity on this claim. First, it is well-established that evidence of future dangerousness is constitutionally admissible. *Barefoot v. Estelle*, 463 U.S. 880, 896–903 (1983) (denying petitioner's claim that the Constitution barred the testimony of psychiatrists who testified about his future dangerousness). This being so, Devoe's trial counsel's failure to object to the admission of Merillat's testimony could not be objectively unreasonable, nor could jurists of reason disagree on this point. *See*

*Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) ("[F]ailure to assert a meritless objection cannot be grounds for a finding of deficient performance.")

Moreover, Tom Weber, a trial attorney for Devoe, produced a detailed affidavit, responding to Devoe's allegations. In this affidavit, Weber explained that trial counsel hired Larry Fitzgerald, as an expert witness, because he had significant experience testifying in direct rebuttal to Merillat's testimony, in particular. Devoe's trial counsel met frequently with this expert witness before he testified at trial. There is "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington*, 562 U.S. at 104. We do not believe that jurists of reason could disagree as to whether Devoe's trial counsel's performance was objectively unreasonable in relying on Fitzgerald's expert testimony given that Fitzgerald had significant experience testifying in direct rebuttal of Merillat. We conclude that jurists of reason could not disagree with the district court's determination that Devoe's trial counsel's performance was objectively reasonable.

Furthermore, while the state court did not address *Strickland*'s prejudice prong, the district court reviewed that issue *de novo* and found no prejudice. Devoe does not explain what particular information (only referencing "a wealth of information") about Merillat—waiting to be discovered by a proper investigation—would have impacted the result of the case. Without more, we conclude that jurists of reason could not disagree with the district court's determination that Devoe has not demonstrated a "reasonable probability that, but for" any error by his trial counsel in not preparing properly for Merillat's testimony "the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104. For these reasons, we deny a certificate of appealablity on this ineffective assistance of counsel claim.

No. 16-70026

Devoe's next ineffective assistance of counsel claim is based on the testimony of Dr. Coons. Dr. Coons testified as a psychiatrist on behalf of the state, and Devoe did not object. Before trial, Devoe interviewed Devoe and reviewed his medical records. At trial, he agreed with *defense* witness, Dr. Cantu, that Devoe would be a continuing threat to society in prison. In reaching this conclusion, Dr. Coons considered: (1) Devoe's long history of violence; (2) the awful set of facts related to the offense; (3) Devoe's attitude toward violence; (4) Devoe's antisocial personality behaviors; (5) Devoe's lack of any remorse; and (6) the society that Devoe would face in prison.

Devoe contends that his trial counsel was ineffective for failing to: (1) "challenge the admissibility of [Dr. Coons's] testimony on future dangerousness"; and (2) "challenge the reliability and admissibility of Dr. Coons's testimony on the motivations of inmates serving life without parole." The state court rejected his ineffective assistance of counsel claim on the merits, and the district court agreed.

As to Dr. Coons's testimony about "future dangerousness," Devoe relies on a concurring opinion issued during his state habeas proceedings. When the Texas Court of Criminal Appeals affirmed the trial court's denial of Devoe's application for state habeas, three judges concurred in separate opinion. *Ex parte Devoe*, No. WR-80, 402-01, 2014 WL 148689, *1 (Tex. Crim. App. Jan. 15, 2014). This concurring opinion mentions a prior case which held Dr. Coons's testimony inadmissible in *that case*. *Id.* (J. Womack concurring). The concurring opinion explained that its concurrence in Devoe's case was based on the "understanding that this court has not relied in any way on the trial judge's findings that Dr. Richard Coons's testimony on future dangerousness was relevant and scientifically reliable." *Id.* Relying on this concurring opinion,

14

No. 16-70026

Devoe argues that a certificate of appealability is appropriate because jurists of reason have, in fact, disagreed with the district court's conclusion. [3]

Devoe's defense counsel produced an affidavit explaining the rationale for declining to pursue a challenge to the admissibility of Dr. Coons's testimony.. In particular, the affidavit explains that a challenge was not pursued because, *inter alia,* defense counsel knew that the testimony would most likely be admitted and did not want to give Dr. Coons a preview of defense's strategy and planned questions.

While Dr. Coons's testimony was held inadmissible in *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010), that state court made clear that its decision was based on the record "in this particular case." *See Coble*, 330 S.W.3d at 279. To succeed on his claim, then, Devoe must demonstrate that Dr. Coons's testimony was inadmissible based on the record in *this* case. Because Devoe makes no effort to do so, we conclude that jurists of reason could not disagree as to whether trial counsel's performance here was deficient.

With respect to prejudice under *Strickland*, we believe that jurists of reason could not disagree as to whether Devoe has demonstrated a "reasonable probability" that the suppression of Dr. Coons's testimony would have altered the outcome, especially in light of the overwhelming evidence to support the jury's determination on future dangerousness, as discussed earlier. [4]

As to Dr. Coons's testimony about "inmates serving life without parole," Devoe argues that trial counsel was ineffective for failing to object to Dr. Coons's "highly speculative and scientifically unsupported testimony." Devoe's

---

[3] Disagreement in state court does not automatically warrant a certificate of appealability because AEDPA applies at this stage.

[4] The concurring opinion from his state habeas case, on which Devoe relies, actually undermines his claim because those judges concluded that Dr. Coons's testimony was inadmissible but also agreed that relief should be denied. *See Ex parte Devoe*, 2014 WL 148689, *1.

15

challenge is focused on Dr. Coons's testimony that an inmate sentenced to life imprisonment without parole has nothing to lose.[5] Devoe offers only conclusory statements (and a reference to argument in his federal habeas petition) that the district court erred in finding no deficient conduct or prejudice. Because Devoe fails to brief this argument adequately, we deem it abandoned. *See Lookingbill*, 293 F.3d at 263. For these reasons, we deny a certificate of appealability on this second ineffective assistance of counsel claim.

In Devoe's third and final ineffective assistance of counsel claim, he alleges that trial counsel was ineffective for failing to adequately investigate and present mitigating evidence.[6] The state habeas court rejected this claim on the merits, and after a careful, independent review of the entirety of the voluminous documentation offered by Devoe, the district court independently concluded that trial counsel did not fall below an objective level of reasonableness.

In the context of preparing for sentencing, "investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence.'" *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (citations omitted). "[T]he failure to present a particular line of argument or evidence is presumed to have been the result of strategic choice." *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir. 1984). "There are no 'strict rules' for

---

[5] While Devoe states that he was "no doubt prejudiced" because of this alleged ineffectiveness by his trial counsel, he does not develop this argument in his certificate of appealability brief.

[6] Devoe also attempts to articulate another *Wiggins* claim related to his alleged incompetency, but he does not point to any error by trial counsel. He contends that this *Wiggins* claim was defaulted because of inadequate assistance of state habeas counsel. However, Devoe's counsel conceded during oral argument that he can only offer "mere speculation" on this claim. We have held that "bare allegations do not suffice" in articulating a *Wiggins* claim. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). Here, we do not even have a specific bare allegation. Accordingly, jurists of reason could not disagree with the district court's determination that Devoe's incompetence-based claim "does not furnish a basis for federal habeas corpus relief."

counsel's conduct beyond 'the general requirement of reasonableness.'" *Trottie v. Stephens,* 720 F.3d 231, 242 (5th Cir. 2013).

While Devoe produced a list of allegedly mitigating evidence that he claims his counsel could have found and used during the punishment stage of his trial, Devoe does not provide an explanation for why his counsel's actual investigation was deficient. His counsel's affidavit explains the detailed investigation conducted, including: (1) retaining a capital murder mitigation expert; (2) obtaining all of Devoe's medical, school, and criminal records; and (3) contacting and interviewing all relevant family members and friends who could provide possible mitigating evidence. Devoe's counsel had to dismiss an initial mitigating expert, and it retained another one, who interviewed Devoe's family members personally.

The district court conducted its own *de novo* review of Devoe's claim and concluded that Devoe's "complaint of ineffective assistance of counsel fails to satisfy either prong of *Strickland* analysis." In fact, the district court explains that most of the purportedly "new" evidence brought forward by Devoe was cumulative in nature. Jurists of reason could not disagree as to whether trial counsel was deficient in preparing and presenting mitigating evidence.

Moreover, we believe that jurists of reason could not disagree as to whether Devoe has demonstrated "a reasonable probability" that "but for" counsel's alleged insufficient investigation "the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104. Devoe only makes conclusory statements to support his prejudice argument. As we have explained, "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and *how it would have altered the outcome of the trial.*" *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (emphasis added). Moreover, the district court determined that Devoe did not show that "the outcome of the

punishment phase of [his] capital murder trial would have been any different" even if trial counsel had presented all the allegedly mitigating evidence and arguments described by Devoe in his habeas petition. Jurists of reason could not disagree with the district court's determination that Devoe is not entitled to a certificate of appealability on the issue of whether he was prejudiced.

### III.

Finally, Devoe argues that the district court erred in denying his motion for funding under 18 U.S.C. § 3599(f). He requested funding to retain an expert to assist him in developing his claim that the introduction of the testimony of Merillat violated his constitutional rights. Devoe does not seek a certificate of appealablity here because a certificate of appealablity "is not necessary to appeal the denial of funds for expert assistance." *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005). Accordingly, we review the district court's order denying Section 3599(f) funding for an abuse of discretion. *See id.*

Section 3599 provides in relevant part:

> (f) Upon a finding that investigative, expert, or other services are *reasonably necessary* for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

18 U.S.C. § 3599(f) (emphasis added). As the text of Section 3599 indicates, the district court "may" authorize the provision of services only if it "find[s] such services are "reasonably necessary." *Id.*

In this case, Devoe requested funding in order to retain an expert to assist him in developing his claim that the introduction of the testimony of Merillat violated his constitutional rights. According to Devoe, it was "reasonably necessary" to obtain an expert to "review [Merillat's] testimony and write an affidavit explaining where [he] got things wrong." In denying this

motion, the district court explained that because a state court considered the merits of Devoe's arguments, federal habeas review is limited to the state court's record. The district court explained that any "additional factual development is irrelevant in the adjudication of exhausted claims."

We conclude that the district court did not abuse its discretion in denying Devoe's request for Section 3599 funding. While the state habeas court rejected Devoe's claims arising from Merillat's testimony because they were procedurally barred, it also rejected these claims on the merits—a fact Devoe never challenges—and so a federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (explaining that "*Pinholster* prohibits a federal court from using evidence that is introduced for the first time" in a federal court in the context of an *Atkins* claim). Thus, even if a federal court *granted* Devoe's motion for expert funding, a federal court could not consider any additional facts concerning Merillat's testimony discovered by such an expert. Any awarded funding would be a misallocation of federal resources.

In any event, Devoe requested funding to develop expert testimony that would be cumulative of evidence that was already developed in the state proceedings. As the district court explained, Devoe's claims concerning Merillat's testimony "have been thoroughly litigated in and rejected by the state court." Moreover, the subject of Devoe's sought-after expert testimony— Merillat's alleged mistatements at trial—does not require expert testimony, in contrast with, for example, expert testimony about a defendant's mental condition. Basically, Devoe attempts to attach an "expert" label to evidence already in the record about which the court, not a hired expert, would make the ultimate legal conclusion.

19

No. 16-70026

We conclude that it was not an abuse of discretion for the district court to find that expert funding was not "reasonably necessary."[7] Accordingly, we affirm the district court's denial of this motion.

**CONCLUSION**

In light of the foregoing discussion, we DENY a certificate of appealability on Devoe's habeas claims and AFFIRM the district court's denial of Devoe's motion for funding.

---

[7] The Supreme Court recently granted certiorari in order to consider whether we erred in applying the "reasonably necessary" standard in upholding a denial of Section 3599(f) funds after the district court determined that the underlying claim failed. *See Ayestas v. Davis*, No. 16-6795, 137 S. Ct. 1433, 1434 (2017). Here, we have not assessed the strength of the underlying claim. Instead, we conclude that the district court's denial of this motion was not an abuse of discretion given that Devoe's claims are exhausted and the sought-after evidence would be merely cumulative on this record.